WILLIAM ELLIS *vs.* THE EIGHTH SCHOOL DISTRICT IN SEE-
KONK.

An inhabitant of a school district may recover back from the district money paid by him
to the town collector and treasurer as part of a tax illegally assessed; without proving
that the clerk of the district certified truly to the assessors the vote of the district to
raise this tax.

ACTION OF CONTRACT for money had and received, to recover
back the amount of a school district tax.

At the trial in the court of common pleas in Bristol, the plain-
tiff introduced evidence that he was arrested by the collector of
the town of Seekonk for nonpayment of a school district tax
voted by the defendants at a meeting not duly notified, and
assessed by the assessors of the town; and was committed to
jail, after which he paid the amount to the collector, who was
also town treasurer.

The defendants contended that the plaintiff could not main-
tain his action, because the evidence did not show that the
money paid by the plaintiff had been so received by the defend-
ants as to make them liable therefor. But *Briggs*, J. ruled that
upon this evidence the action could be maintained, and a verdict
was taken for the plaintiff for the amount of the tax and inter-
est. The defendants alleged exceptions.

*B. Sanford*, for the defendants. 1. The evidence did not show
that the clerk of the district certified truly to the assessors the
vote of the district for raising by tax the sum of money voted
at the district meeting. Rev. Sts. *c.* 23, § 29.

2. The money was received by the collector as collector and
not as treasurer, and the presumption is that he holds it as col-
lector until he actually applies it to the use of the town, or as
treasurer pays it over to the committee authorized to receive it,
or renders his annual account. Rev. Sts. *c.* 15, § 64. But
whether received by him as treasurer or collector of the town, he
is not, in either capacity, the defendants' agent; but must ac-
count to the town for the money which he receives; and must

pay it, not to the district, but to a committee, to be by them applied to specified purposes. Rev. Sts. *c.* 15, § 64 ; *c.* 23, § 39. There is no evidence that the defendants had such a committee to receive it or who did receive it, or that the money has ever been applied to the defendants' benefit. *Joyner* v. *School District in Egremont,* 3 Cush. 571, 573.

*C. I. Reed,* for the plaintiff.

DEWEY, J. It seems to be conceded that this tax was illegally assessed upon the plaintiff, the meeting of the school district not having been notified properly. The only question raised therefore is of the liability of the school district to a member of the district for the money that he has paid upon an illegal tax, under the circumstances stated in the bill of exceptions. The money was paid to the town collector and treasurer. But such person acts in this matter as the agent of the school district. The receipt of the money as collector, where the two offices of collector and treasurer are united in the same person, is to be taken to be a receipt of the money by the town treasurer. This money is properly the money of the school district, and the treasurer of the town holds it as the agent of the school district. Rev. Sts. *c.* 23, § 39. *Perry* v. *Dover,* 12 Pick. 206. *Joyner* v. *School District in Egremont,* 3 Cush. 573. The action was therefore properly brought against the school district, they having the money subject to their order and control in the hands of an agent.

An objection was taken at the argument of this case, that it did not appear upon the evidence that the clerk of the district certified truly to the assessors the vote of the district for raising the tax. Waiving any question as to this point being now open to the defendants, we think it does not affect the plaintiff's right to recover. Although it might subject the assessors to an individual liability, if no such certificate was filed with them, yet it does not render the tax less illegal, nor justify the school district in retaining the money collected on the assessment.

*Judgment for the plaintiff.*